HAY et al. v. CUDABACK.

(Circuit Court of Appeals, Third Circuit. June 9, 1905.)

No. 11.

CONTRACTS—CONSTRUCTION—ENFORCEMENT BY ASSIGNEE.

Defendants purchased certain lots, taking title to a trustee, who executed mortgages to secure deferred payments of purchase money. Defendants then entered into a contract with the trustee, by which they agreed to furnish him with all money necessary to pay taxes and the interest and principal of the mortgages as the same became due, and to indemnify and hold him harmless from all costs, charges, and expenses by reason of his executing such bonds and mortgages. Defendants having failed to furnish the money to pay the same, the mortgages were foreclosed by plaintiff, who recovered a deficiency judgment against the trustee, and thereupon the trustee assigned all his rights under the contract to plaintiff, who entered satisfaction of such judgments. *Held*, that the contract was not merely one of indemnity, but also one binding defendants to pay the mortgage debts, which could be enforced by plaintiff as assignee, the satisfaction of the deficiency judgments without payment being a matter of which defendants could not complain.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 134 Fed. 120.

Edward J. Fox, for plaintiffs in error.

John A. McCarthy, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. Hay and Fisler, the plaintiffs in error (the defendants below), purchased certain lots of ground in the city of Niagara Falls, in the state of New York, but took the title in the name of I. J. Forbes King. Hay and Fisler paid down the only part of the purchase price, and the balance was secured by purchase money bonds and mortgages given by King. King was to hold the lots in trust for Hay and Fisler, and convey the same as they might direct. A written agreement dated August 13, 1894, between King, as party of the first part, and Hay and Fisler, as parties of the second part, after reciting the above-stated facts, provides as follows:

"Now, therefore, this agreement witnesseth that the parties of the second part, in consideration of the premises and the agreements hereinafter con-'tained on the part of the party of the first part, agree to furnish all sums of money necessary from time to time to pay the taxes on said lots and the interest and principal on said bonds and mortgages, as the same become due and payable, and to indemnify and save harmless said party of the first part from all costs, charges, and expenses by reason of his executing said bonds and mortgages or any of them."

Hay and Fisler did not furnish King sufficient money to pay the said bonds and mortgages, and consequently two of the mortgages were foreclosed by the holder, William Cudaback (the defendant in error), and deficiency judgments were obtained against King, one for $1,492.62 and the other for $277.62, on July 26, 1901. On the day these judgments were entered against King he assigned all his rights, claims, and demands against Hay and Fisler under the

above recited agreement of August 13, 1894, to Cudaback, and Cudaback entered of record satisfaction of the deficiency judgments. This action is based upon the above-quoted provision of the written agreement of August 13, 1894, and was brought to enforce the claim of King against Hay and Fisler, arising from their failure to furnish King money to pay said bonds and mortgages.

The argument of the plaintiffs in error in support of their assignments of error proceeds upon the assumption that the covenant sued on is simply an agreement of indemnity to King against resultant damages, and that this case belongs to that class of cases in which the covenantee cannot recover until he has been actually damnified, and then only to the extent of the injury he has sustained. But this view is quite inadmissible. By the plain terms of the agreement Hay and Fisler covenanted to do two things: First, "to furnish all sums of money necessary from time to time to pay the taxes on said lots and the interest and principal on said bonds and mortgages as the same become due and payable"; second, "and to indemnify and save harmless said party of the first part from all costs, charges, and expenses by reason of his executing said bonds and mortgages or any of them." These are distinct obligations. Now, by the first Hay and Fisler bound themselves to furnish King with money to pay the bonds and mortgages as they became due. As between Hay and Fisler on the one hand and King on the other, the indebtedness for which the latter gave his bonds and mortgages was the indebtedness of the former, and they had agreed to put him in funds to meet the bonds and mortgages as they matured. This Hay and Fisler failed to do, and upon such failure a right of action against them immediately accrued to King to recover the money.

This being our view of the first branch of the covenant in question, it is not necessary for us to express any opinion as to the scope of the second branch of the covenant.

The satisfaction by Cudaback of his deficiency judgments against King is a matter of which the plaintiffs in error have no right whatever to complain. That satisfaction worked no injury to them. King might have paid off those judgments, and then brought his action against Hay and Fisler, but he was not bound to pursue that course. The parties concerned in this matter (King and Cudaback) had a perfect right to pursue the course they did, King assigning his rights, claims, and demands under the agreement of August 13, 1894, to Cudaback, and the latter satisfying his judgments.

We find no error in this record, and therefore the judgment of the court below is affirmed.